Robert Drexler (SBN 119119)
Robert.Drexler@CapstoneLawyers.com
Jonathan Lee (SBN 267146)
Jonathan.Lee@CapstoneLawyers.com
Robert Myong (SBN 262097)
Robert.Myong@CapstoneLawyers.com
Ana Lupascu (SBN 349732)
Ana.Lupascu@CapstoneLawyers.com
Capstone Law APC
1875 Century Park East, Suite 1860
Los Angeles, California 90067
Telephone: (310) 556-4811
Facsimile: (310) 943-0396

Attorneys for Plaintiff Irys Watson

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

IRYS WATSON, individually, and on behalf of other members of the general public similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act ("PAGA"),

Plaintiff,

vs.

MSC INDUSTRIAL DIRECT CO., INC., a New York corporation; SID TOOL CO., INC., a New York corporation; and DOES 1 through 10, inclusive,

Defendants.

Case No.: 2:25-CV-08431 ODW (AJRx)

**FIRST AMENDED CLASS ACTION COMPLAINT & ENFORCEMENT ACTION UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698, *ET SEQ.***

(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
(2) Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198 (Unpaid Minimum Wages);
(3) Violation of California Labor Code §§ 226.7, 512(a), 516, and 1198 (Failure to Provide Meal Periods);
(4) Violation of California Labor Code §§ 226.7, 516, and 1198 (Failure to Authorize and Permit Rest Periods);
(5) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination);
(6) Violation of California Labor Code § 204 (Failure to Timely Pay Wages During Employment);
(7) Violation of Labor Code § 1198 and California Code of Regulations, Title 8, Section 11070 Subdivision 5(A) (Failure to Provide Reporting Time Pay);
(8) Violation of California Labor Code

§ 2802 (Unreimbursed Business Expenses);

(9) Civil Penalties for Violations of California Labor Code, Pursuant to PAGA, §§ 2698, *et seq;* Violation of California Business & Professions Code §§ 17200, *et seq*. (Unlawful Business Practices); and

(10) Violation of California Business & Professions Code §§ 17200, *et seq*. (Unfair Business Practices)

**Jury Trial Demanded**

Plaintiff Irys Watson, individually and on behalf of all other members of the public similarly situated, and as an aggrieved employee and on behalf of all other aggrieved employees, alleges as follows:

## JURISDICTION AND VENUE

1. On July 31, 2025, Plaintiff filed a Class Action Complaint in the Superior Court of the State of California for the County of Los Angeles.

2. On September 5, 2025, Defendants filed a Notice of Removal under the Class Action Fairness Act of 2005 pursuant to 28 U.S.C. §§ 1332(c), 1332(d)(2), 1441(a), 1446, and 1453.

3. Venue is proper in this Court, because this case was originally filed in the Superior Court of California for the County of Los Angeles. Venue properly lies in the Unites States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(a), 1391(b), and 1441(a).

## THE PARTIES

4. Plaintiff Irys Watson is a resident of Lancaster, in Los Angeles County, California. Defendants employed Plaintiff as an hourly paid, non-exempt employee from approximately July 2021 to September 2024. Plaintiff worked for Defendants as an Account Executive and In-Plant Solutions Specialist at their client's facility in Palmdale, California. During her employment, Plaintiff typically worked eight (8) hours or more per day and five (5) days per week. Plaintiff's primary job duties included, without limitation, managing inventory, purchasing and quoting product for customers, scheduling transportation and inspections, and handling invoicing issues.

5. MSC INDUSTRIAL DIRECT CO., INC. was and is, upon information and belief, a New York corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county and the State of California.

6. SID TOOL CO., INC. was and is, upon information and belief, a

New York corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county and the State of California.

7. Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 10, but will seek leave of this Court to amend the complaint and serve such fictitiously named Defendants once their names and capacities become known.

8. Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 were the partners, agents, owners, or managers of MSC INDUSTRIAL DIRECT CO., INC. and SID TOOL CO., INC. at all relevant times.

9. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by, or is attributable to MSC INDUSTRIAL DIRECT CO., INC.; SID TOOL CO., INC.; and/or DOES 1 through 10 (collectively, "Defendants" or "MSC INDUSTRIAL"), each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

10. At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

11. Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

12. Under California law, Defendants are jointly and severally liable as employers for the violations alleged herein because they have each exercised

sufficient control over the wages, hours, working conditions, and employment status of Plaintiff and class members. Each Defendant had the power to hire and fire Plaintiff and class members, supervised and controlled their work schedule and/or conditions of employment, determined their rate of pay, and maintained their employment records. Defendants suffered or permitted Plaintiff and class members to work and/or "engaged" Plaintiff and class members so as to create a common-law employment relationship. As joint employers of Plaintiff and class members, Defendants are jointly and severally liable for the civil penalties and all other relief available to Plaintiff and class members under the law.

13. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendants, and each of them, have acted as joint employers with respect to Plaintiff and class members because Defendants have:

(a) jointly exercised meaningful control over the work performed by Plaintiff and class members;

(b) jointly exercised meaningful control over Plaintiff's and class members' wages, hours, and working conditions, including the quantity, quality standards, speed, scheduling, and operative details of the tasks performed by Plaintiff and class members;

(c) jointly required that Plaintiff and class members perform work which is an integral part of Defendants' businesses; and

(d) jointly exercised control over Plaintiff and class members as a matter of economic reality in that Plaintiff and class members were dependent on Defendants, who shared the power to set the wages of Plaintiff and class members and determined their working conditions, and who jointly reaped the benefits from the underpayment of their wages and noncompliance with other statutory provisions governing their employment.

14. Plaintiff is informed and believes, and thereon alleges, that at all relevant times there has existed a unity of interest and ownership between Defendants such that any individuality and separateness between the entities has ceased.

15. MSC INDUSTRIAL DIRECT CO., INC.; SID TOOL CO., INC.; and DOES 1 through 10 are therefore alter egos of each other.

16. Adherence to the fiction of the separate existence of Defendants would permit an abuse of the corporate privilege, and would promote injustice by protecting Defendants from liability for the wrongful acts committed by them under the name "MSC INDUSTRIAL."

17. Plaintiff further alleges, upon information and belief, that Defendants MSC INDUSTRIAL DIRECT CO., INC. and SID TOOL CO., INC. are alter egos of each other for the following reasons:

(a) According to MSC INDUSTRIAL DIRECT CO., INC.'s SEC Form 10-K filing[1], SID TOOL CO., INC. is a subsidiary of MSC INDUSTRIAL DIRECT CO., INC.;

(b) On the California Secretary of State's website (https://bizfileonline.sos.ca.gov/) and New York Department of State's website (https://dos.ny.gov), MSC INDUSTRIAL DIRECT CO., INC. and SID TOOL CO., INC. share the same principal address of "515 BROADHOLLOW ROAD, SUITE 1000, MELVILLE, NY 11747";

(c) According to their most recent "Statement of Information" forms filed with the California Secretary of State and New York Department of State, MSC INDUSTRIAL DIRECT CO., INC. and SID TOOL CO., INC. share the same officers,

[1] 10-K Annual Report 10/24/2024, "SEC Filings | Annual Filings | MSC Industrial Direct Co., Inc.," https://investor.mscdirect.com/sec-filings (last accessed July 24, 2025).

directors, and/or members including, but not limited to, Erik Gershwind; and

(d) On information and belief, MSC INDUSTRIAL DIRECT CO., INC. and SID TOOL CO., INC. utilize the same standardized employment forms and issue the same employment policies.

## GENERAL ALLEGATIONS

18. Defendants are a retailer and distributor of metalworking and maintenance, repair, and operations ("MRO") products and services. Upon information and belief, Defendants maintain a single, centralized Human Resources ("HR") department at their corporate headquarters in Melville, New York, which is responsible for the recruiting and hiring of new employees, and communicating and implementing Defendants' company-wide policies, including timekeeping policies and meal and rest period policies, to employees throughout California.

19. In particular, Plaintiff and class members, on information and belief, received the same standardized documents and/or written policies. Upon information and belief, the usage of standardized documents and/or written policies, including new-hire documents, indicate that Defendants dictated policies at the corporate level and implemented them company-wide, regardless of their employees' assigned locations or positions.

20. Upon information and belief, Defendants maintain a centralized Payroll department at their corporate headquarters in Melville, New York, which processes payroll for all non-exempt, hourly paid employees working for Defendants at their various locations in California, including Plaintiff and class members. Based upon information and belief, Defendants issue the same formatted wage statements to all non-exempt, hourly paid employees in California, irrespective of their work locations. Upon information and belief,

Defendants process payroll for departing employees in the same manner throughout the State of California, regardless of the manner in which each employee's employment ends.

21. Defendants continue to employ non-exempt or hourly paid employees in California.

22. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

23. Plaintiff is informed and believes, and thereon alleges, that Plaintiff and class members were not paid for all hours worked because all hours worked were not recorded.

24. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

25. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to be paid at a regular rate of pay, and corresponding rates of pay for overtime wages and/or meal and rest period premiums, that included as eligible income all renumeration required by law, including but not limited to, all income derived from incentive pay, nondiscretionary bonuses, and/or other forms of compensation, but failed to include all forms of remuneration in calculating the regular rate of pay for Plaintiff and class members.

26. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive at least minimum wages for compensation and that they were

not receiving at least minimum wages for work that was required to be done off-the-clock. In violation of the California Labor Code, Plaintiff and class members were not paid at least minimum wages for work done off-the-clock.

27. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to meal periods in accordance with the California Labor Code and applicable Industrial Welfare Commission ("IWC") Wage Order or payment of one (1) additional hour of pay at their regular rates of pay when they were not provided with timely, uninterrupted, thirty (30) minute meal periods and that Plaintiff and class members were not provided with all meal periods or payment of one (1) additional hour of pay at their regular rates of pay when they did not receive a timely, uninterrupted, thirty (30) minute meal period.

28. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to rest periods in accordance with the California Labor Code and applicable IWC Wage Order or payment of one (1) additional hour of pay at their regular rates of pay when they were not authorized and permitted to take a compliant rest period and that Plaintiff and class members were not authorized and permitted to take compliant rest periods or provided with payment of one (1) additional hour of pay at their regular rates of pay when they were not authorized and permitted to take a compliant rest period.

29. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to timely payment of all wages earned upon termination of employment. In violation of the California Labor Code, Plaintiff and class members did not receive payment of all wages due, including, but not limited to, overtime wages, minimum wages, meal and rest period premiums, and/or sick leave pay, within permissible time periods.

30. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to timely payment of wages during their employment. In violation of the California Labor Code, Plaintiff and class members did not receive payment of all wages, including, but not limited to, overtime wages, minimum wages, meal and rest period premiums, and/or sick leave pay, within permissible time periods.

31. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive sick leave benefits to be paid at a regular rate of pay, that included, as eligible income, all income derived from incentive pay, nondiscretionary bonuses, and/or other forms of compensation. In violation of the California Labor Code, Defendants failed to include all forms of remuneration in calculating the regular rate of pay for sick leave pay.

32. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive all reporting time pay when Plaintiff and class members were required to report to work but were put to work for less than half of their usual or scheduled shift. In violation of the California Labor Code and applicable IWC Wage Order, Plaintiff and class members were not paid all reporting time pay.

33. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment and that they did not receive full reimbursement of applicable business-related expenses and costs incurred.

34. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff and class members for all hours worked, and that

Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and class members that they were properly denied wages, all in order to increase Defendants' profits.

**PAGA REPRESENTATIVE ALLEGATIONS**

35. At all times herein set forth, PAGA provides that any provision of law under the Labor Code and applicable IWC Wage Order that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") for violations of the California Labor Code and applicable IWC Wage Order may, as an alternative, be recovered by aggrieved employees in a civil action brought on behalf of themselves and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

36. PAGA defines an "aggrieved employee" in Labor Code section 2699(c) as "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed."

37. Plaintiff and other current and former employees of Defendants are "aggrieved employees" as defined by Labor Code section 2699(c) in that they are all Defendants' current or former employees and one or more of the alleged violations were committed against them.

38. Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

(a) The aggrieved employee or representative shall give written notice by online filing with the LWDA and by certified mail to the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violation.

(b) An aggrieved employee's notice filed with the LWDA pursuant to 2699.3(a) and any employer response to that notice shall be accompanied by a filing fee of seventy-five dollars ($75).

(c) The LWDA shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation ("LWDA Notice") within sixty (60) calendar days of the postmark date of the aggrieved employee's notice. Upon receipt of the LWDA Notice, or if no LWDA Notice is provided within sixty-five (65) calendar days of the postmark date of the aggrieved employee's notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties.

39. Pursuant to California Labor Code section 2699.3(c), aggrieved employees, through Plaintiff, may pursue a civil action arising under PAGA for violations of any provision other than those listed in Section 2699.5 after the following requirements have been met:

(a) The aggrieved employee or representative shall give written notice by online filing with the LWDA and by certified mail to the employer of the specific provisions of the California Labor Code alleged to have been violated (other than those listed in Section 2699.5), including the facts and theories to support the alleged violation.

(b) An aggrieved employee's notice filed with the LWDA pursuant to 2699.3(c) and any employer response to that notice shall be accompanied by a filing fee of seventy-five dollars ($75).

(c) The employer may cure the alleged violation within thirty-three (33) calendar days of the postmark date of the notice sent by the aggrieved employee or representative. The employer shall give written notice within that period of time by certified mail to the aggrieved employee or representative and by online filing with the LWDA if the alleged violation is cured, including a description of actions taken, and no civil action pursuant to Section 2699 may commence. If the alleged violation is not cured within the 33-day period, the aggrieved employee may commence a civil action pursuant to Section 2699.

40. On August 20, 2026, Plaintiff provided written notice by online filing to the LWDA and by Certified Mail to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including facts and theories to support the alleged violations, in accordance with California Labor Code section 2699.3. Plaintiff's written notice was accompanied with the applicable filing fee of seventy-five dollars ($75). The LWDA PAGA Administrator confirmed receipt of Plaintiff's written notice and assigned Plaintiff PAGA Case Number LWDA-CM-1198971-26. A true and correct copy of Plaintiff's written notice to the LWDA and Defendants is attached hereto as "Exhibit 1."

41. As of the filing date of this complaint, over 65 days have passed since Plaintiff sent the notice described above to the LWDA, and the LWDA has not responded that it intends to investigate Plaintiff's claims and Defendants have not cured the violations.

42. Thus, Plaintiff has satisfied the administrative prerequisites under California Labor Code sections 2699.3(a) and 2699.3(c) to recover civil penalties against Defendants for violations of California Labor Code sections 201, 202,

204, 226(a), 226.7, 246, 510, 512(a), 516, 1174(d), 1182.12, 1194, 1197, 1197.1, 1198, 2802, and 2810.5.

43. Labor Code section 558(a) provides "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid . . . . (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid . . . ." Labor Code section 558(c) provides "[t]he civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."

44. Defendants, at all times relevant to this complaint, were employers or persons acting on behalf of an employer(s) who violated Plaintiff's and other aggrieved employees' rights by violating various sections of the California Labor Code as set forth above.

45. As set forth below, Defendants have violated numerous provisions of both the Labor Code sections regulating hours and days of work as well as the applicable IWC Wage Order.

46. Pursuant to PAGA, and in particular, California Labor Code sections 2699(a), 2699.3(a), 2699.3(c), and 2699.5, and section 558, Plaintiff, acting in the public interest as a private attorney general, seeks assessment and collection of civil penalties for herself, all other aggrieved employees, and the State of California against Defendants for violations of California Labor Code sections 201, 202, 204, 226(a), 226.7, 246, 510, 512(a), 516, 1174(d), 1182.12, 1194, 1197, 1197.1, 1198, 2802, and 2810.5.

## CLASS ACTION ALLEGATIONS

47. Plaintiff brings this action on her own behalf, as well as on behalf of

each and all other persons similarly situated, and thus seeks class certification under Rule 23 of the Federal Rules of Civil Procedure.

48. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

49. Plaintiff's proposed class consists of and is defined as follows:

> All persons who worked for Defendants as non-exempt, hourly paid employees in California, within four years prior to the filing of the initial complaint until the date of trial ("Class").

50. Members of the Class are referred to herein as "class members."

51. Plaintiff reserves the right to redefine the Class and to add subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

52. There are common questions of law and fact as to class members that predominate over questions affecting only individual members, including, but not limited to:

(a) Whether Defendants required Plaintiff and class members to work over eight (8) hours per day, over twelve (12) hours per day, or over forty (40) hours per week and failed to pay all legally required overtime compensation to Plaintiff and class members;

(b) Whether Defendants failed to include all forms of remuneration in the regular rate of pay as required by law for purposes of paying overtime wages and/or meal and rest period premiums to Plaintiff and class members;

(c) Whether Defendants failed to pay Plaintiff and class members at least minimum wages for all hours worked;

(d) Whether Defendants failed to provide Plaintiff and class members meal periods;

(e) Whether Defendants failed to authorize and permit Plaintiff and class members to take rest periods;

(f) Whether Defendants failed to pay earned overtime wages, minimum wages, meal and rest period premiums, and/or sick leave pay due to Plaintiff and class members upon their discharge;

(g) Whether Defendants failed timely to pay overtime wages, minimum wages, meal and rest period premiums, and/or sick leave pay due to Plaintiff and class members during their employment;

(h) Whether Defendants failed to properly calculate the regular rate of pay upon which Plaintiff's and class members' sick leave rate of pay was based;

(i) Whether Defendants failed to timely pay overtime wages, minimum wages, meal and rest period premiums, and/or reporting time pay, to Plaintiff and class members during their employment;

(j) Whether Defendants failed to reimburse Plaintiff and class members for necessary and required business-related expenditures and/or losses incurred by them in the scope of their employment;

(k) Whether Defendants engaged in unlawful and unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*; and

(l) The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

53. There is a well-defined community of interest in the litigation and

the class members are readily ascertainable:

(a) Numerosity: The class members are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b) Typicality: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom she has a well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all class members as demonstrated herein.

(c) Adequacy: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges that she has an obligation to make known to the Court any relationship, conflicts or differences with any class member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d) Superiority: The nature of this action makes the use of class action adjudication superior to other methods. A class action

will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

(e) Public Policy Considerations: Employers in the State of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while simultaneously protecting their privacy.

**FIRST CAUSE OF ACTION**

**Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime**

**(Against all Defendants)**

54. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

55. Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable IWC Wage Order. California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

56. California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of

pay, depending on the number of hours worked by the person on a daily or weekly basis.

57. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and class members working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time and one-half (1 ½) for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

58. The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and class members working more than twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate of pay. An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, including nondiscretionary bonuses and incentive pay.

59. California Labor Code section 510 codifies the right to overtime compensation at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh (7th) day of work, and to overtime compensation at twice the employee's regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh (7th) day of work.

60. During the relevant time period, Defendants willfully failed to pay all overtime wages owed to Plaintiff and class members. During the relevant time period, Plaintiff and class members were not paid overtime premiums for all of the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week, because all hours worked were not recorded.

61. First, during the relevant time period, Defendants had a company-wide "on-call" policy, whereby they required Plaintiff and class members to

work "on-call" or on standby from 2:30 p.m. to 5:30 p.m. Monday through Friday. During an "on-call" shift, Plaintiff and class members had to be available to work and take on tasks immediately, if called. While working an "on-call" shift, Plaintiff and class members were required to respond to calls and emails from management, and if necessary, report to the jobsite to address any issues in person. While "on-call," Plaintiff and class members were, in essence, on controlled standby for Defendants because they could not use that time freely for their own purposes and were forced to put their lives on hold. However, Defendants failed to pay Plaintiff and class members for the time they spent waiting for a call or an email from Defendants and were unable to use their time for their own purposes.

62. Second, upon information and belief, during the relevant time period, Defendants had a company-wide policy and/or practice of improperly rounding employee clock-in and clock-out times in their timekeeping system to the nearest quarter (0.25) of an hour. Defendants' rounding policy resulted in the failure to compensate Plaintiff and class members fully for all hours worked, causing Plaintiff and class members to not be paid overtime wages for all of the overtime hours they actually worked. Upon information and belief, Defendants' rounding policy was, and continues to be, unfair and has, over time, resulted in the underpayment of wages to Plaintiff and class members. To the extent Defendants' rounding policy took away time worked that was eligible for overtime, Plaintiff and class members were denied overtime pay for all hours worked.

63. Third, Defendants had, and continue to have, a company-wide policy and/or practice of requiring Plaintiff and class members to perform work off-the-clock outside of their scheduled shifts. For example, per Defendants' client's security policy, Plaintiff and class members were required to submit to random vehicle searches either before their shifts or when returning to the jobsite

from their meal periods. As a result, Plaintiff and class members submitted themselves to these off-the-clock security checks, time for which they were not paid.

64. Fourth, Defendants had, and continue to have, company-wide policy and/or practice of assigning heavy workloads, resulting in a failure to provide Plaintiff and class members with adequate meal period coverage. Defendants also had a practice of failing to schedule meal periods which, in conjunction with the assignment of heavy workloads, further caused Plaintiff and class members to not be relieved of their duties for compliant meal periods. As a result of this lack of meal period coverage, Plaintiff and class members were not always afforded uninterrupted 30-minute meal periods during shifts when they were entitled to receive a meal period. For example, Plaintiff missed her meal periods or had them interrupted by Defendants' management, coworkers, or customers. Thus, Plaintiff and class members worked through meal periods and/or had them interrupted to handle their assigned workloads and responsibilities, and Defendants did not pay Plaintiff and class members for the time they continued to perform tasks during meal periods.

65. Fifth, during the relevant time period, on information and belief, Defendants' management pressured Plaintiff and class members to record compliant meal periods, even when they did not receive a compliant meal period. Thus, Defendants did not record all hours worked during meal periods, and Plaintiff and class members performed work during meal periods for which they were not paid.

66. Defendants knew or should have known that as a result of these company-wide practices and/or policies, Plaintiff and class members were performing their assigned duties off-the-clock before and after their shifts and during meal periods, and were suffered or permitted to perform work for which they were not paid. Because Plaintiff and class members worked shifts of eight

(8) hours or more a day, or forty (40) hours a week or more, some of this off-the-clock work qualified for overtime premium pay. Therefore, Plaintiff and class members were not paid overtime wages for all of the overtime hours they actually worked.

67. Moreover, Defendants did not pay Plaintiff and class members the correct overtime rate for the recorded overtime hours that they generated. In addition to an hourly wage, Defendants paid Plaintiff and class members incentive pay, nondiscretionary bonuses, and/or other forms of remuneration. However, in violation of the California Labor Code, Defendants failed to incorporate all compensation, including incentive pay, nondiscretionary bonuses, and/or other forms of remuneration, into the calculation of the regular rate of pay for purposes of calculating the overtime wage rate. Therefore, during times when Plaintiff and class members worked overtime and received these other forms of pay, Defendants failed to pay all overtime wages by paying a lower overtime rate than required.

68. For example, Defendants paid Plaintiff and class members incentive pay and/or nondiscretionary bonuses which were listed on Plaintiff's and class members' wage statements as "Sign On Bonus," "Incentive," and "Annual Bonus." During pay periods that Plaintiff and class members were paid overtime wages, Defendants did not incorporate the incentive pay and/or nondiscretionary bonuses into Plaintiff's and class members' regular rate of pay and, as a result, paid them at incorrect and lower rates of pay for overtime hours worked. Specifically, Defendants paid Plaintiff and class members 1.5 times their hourly rate of pay instead of 1.5 times their regular rate of pay. Defendants' failure to properly calculate the overtime rates of pay based on all remuneration paid has resulted in an underpayment of overtime wages to Plaintiff and class members on a company-wide basis.

69. Defendants' failure to pay Plaintiff and class members the balance

of overtime compensation as required by California law, violates the provisions of California Labor Code sections 510 and 1198. Pursuant to California Labor Code section 1194, Plaintiff and class members are entitled to recover from Defendants their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

**SECOND CAUSE OF ACTION**

**Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198—Unpaid Minimum Wages**

**(Against all Defendants)**

70. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

71. At all relevant times, California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful. Compensable work time is defined in IWC Wage Order No. 7-2001 as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." Cal. Code Regs. Tit. 8, § 11070(2)(H) (defining "Hours Worked").

72. First, as stated, Defendants systematically, and on a company-wide basis, required Plaintiff and class members to work "on-call" shifts during which they had to put their lives on hold and were restricted from using that time freely for their own purposes. Even though Plaintiff and class members were subject to Defendants' control during "on-call" shifts, Defendants did not pay Plaintiff and class members at least minimum wages for all hours that they were suffered or permitted to work.

73. Second, as stated above, upon information and belief, Defendants had a company-wide policy and/or practice of rounding Plaintiff's and class

members' hourly clock-in and clock-out times in their timekeeping system to the nearest quarter (.25) of an hour, resulting in the failure to compensate them for all hours worked.

74. Third, as set forth above, Defendants had a company-wide policy and/or practice requiring Plaintiff and class members to perform work-related tasks while off-the-clock either before their shifts or during meal periods, including submitting their vehicles to random security searches. Defendants failed to track this time Plaintiff and class members spent working off-the-clock, and Plaintiff and class members received no compensation for this time.

75. Fourth, as set forth above, due to Defendants' policies and/or practices of assigning heavy workloads and failing to schedule meal periods, Plaintiff and class members were prevented from taking all uninterrupted meal periods to which they were entitled and were required to work off-the-clock during meal periods, have their meal periods interrupted, and/or were otherwise not relieved of all duties during unpaid meal periods. Thus, Defendants systematically failed to pay Plaintiff and class members for actual hours worked during unpaid meal periods because these hours were not always correctly recorded.

76. Fifth, as stated above, Defendants' management pressured employees to record compliant meal periods regardless of whether they had received a compliant meal period or not. Thus, Defendants did not record all hours worked during meal periods, and Plaintiff and class members performed work during meal periods for which they were not paid

77. Defendants did not pay minimum wages for all hours worked by Plaintiff and class members. To the extent that these off-the-clock hours did not qualify for overtime premium payment, Defendants did not pay at least minimum wages for those hours worked off-the-clock in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198.

78. Defendants' failure to pay Plaintiff and class members minimum wages violates California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198. Pursuant to California Labor Code section 1194.2, Plaintiff and class members are entitled to recover from Defendants liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**THIRD CAUSE OF ACTION**

**Violation of California Labor Code §§ 226.7, 512(a), 516, and 1198—Meal Period Violations**

**(Against all Defendants)**

79. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

80. At all relevant times herein set forth, California Labor Code section 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee. Under California law, first meal periods must start after no more than five hours. *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1041-1042 (2012).

81. At all relevant times herein set forth, California Labor Code sections 226.7, 512(a), 516, and 1198 provide that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

82. At all relevant times herein set forth, Labor Code sections 226.7 and 512(a) and the applicable IWC Wage Order also require employers to provide a second meal period of not less than thirty (30) minutes if an employee works over ten (10) hours per day or to pay an employee one (1) additional hour of pay at the employee's regular rate, except that if the total hours worked is no more

than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

83. First, during the relevant time period, as stated, Defendants had, and continue to have, company-wide policy and/or practice of assigning heavy workloads, which has resulted in a lack of meal period coverage and prevented Plaintiff and class members from taking all timely, uninterrupted meal periods to which they were entitled. Further, as stated, Defendants had a company-wide practice and/or policy of failing to schedule meal periods, which further caused Plaintiff and class members to not be relieved of their duties for compliant meal periods.

84. As a result, Plaintiff and class members had to work through all or part of their meal periods and/or had to wait extended periods of time before taking meal periods. For example, Plaintiff worked through her meal periods and had her meal periods interrupted during her employment. Further, Plaintiff could not take her meal periods until after five (5) hours into her shifts due to the heavy workload. Thus, Defendants failed to provide Plaintiff and class members with compliant, 30-minute meal periods.

85. Second, as also stated, because Defendants frowned upon employees accruing meal period premiums, Defendants' managers pressured Plaintiff and class members to record compliant meal periods, regardless of whether they had received a compliant meal period or not. For example, Plaintiff's manager told her to clock out before the fifth hour and record her meal period even if she could not take her meal period. Thus, Defendants systematically failed to accurately record meal periods.

86. At all times herein mentioned, Defendants knew or should have known that, as a result of these policies, Plaintiff and class members were prevented from being relieved of all duties and were required to perform some of

their assigned duties during meal periods. Defendants further knew or should have known that Defendants did not pay Plaintiff and class members all meal period premiums when meal periods were late, missed, shortened, or interrupted. Further, to the extent that Defendants' rounding policy reported that Plaintiff and class members were provided with timely, full 30-minute meal periods when, in fact, the meal periods were taken after the fifth hour of work or were less than 30 minutes, Plaintiff and class members did not receive meal period premiums for these improperly rounded meal periods.

87. Moreover, Defendants engaged in a company-wide practice and/or policy of not paying all meal period premiums owed when compliant meal periods are not provided. Because of this practice and/or policy, Plaintiff and class members have not received premium pay for all missed, late, and interrupted meal periods. Alternatively, to the extent that Defendants did pay Plaintiff and class members premium pay for missed, late, and interrupted meal periods, Defendants did not pay Plaintiff and class members at the correct rate of pay for premiums because Defendants systematically failed to include all forms of compensation, such as incentive pay, nondiscretionary bonuses, and/or other forms of remuneration, in the regular rate of pay. As a result, Defendants failed to provide Plaintiff and class members compliant meal periods in violation of California Labor Code sections 226.7, 512(a), and 516 and failed to pay the full meal period premiums due.

88. Defendants' conduct violates the applicable IWC Wage Order, and California Labor Code sections 226.7, 512(a), 516, and 1198. Plaintiff and class members are therefore entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

//

//

**FOURTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 226.7, 516, and 1198—Rest Period Violations**

**(Against all Defendants)**

89. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

90. At all relevant times herein set forth, the applicable IWC Wage Order and California Labor Code sections 226.7, 516, and 1198 were applicable to Plaintiff's and class members' employment by Defendants.

91. At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

92. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC. To comply with its obligation to authorize and permit rest periods under California Labor Code section 226.7 and the applicable IWC Wage Order, an employer must "relinquish any control over how employees spend their break time, and relieve their employees of all duties—including the obligation that an employee remain on call. A rest period, in short, must be a period of rest." *Augustus v. ABM Security Services, Inc.*, 2 Cal. 5th 257, 273 (2016). Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiff and class members are entitled to recover from Defendants one (1) additional hour of pay at their regular rates of pay for each work day that a required rest period was not authorized and permitted.

93. During the relevant time period, Defendants regularly failed to authorize and permit Plaintiff and class members to take a ten (10) minute rest period per each four (4) hour period worked or major fraction thereof. As with meal periods, Defendants' company-wide practice of assigning heavy workloads prevented Plaintiff and class members from being relieved of all duty to take rest periods. Additionally, Defendants failed to schedule rest periods, which, coupled with Defendants' failure to provide adequate rest period coverage, further led to Plaintiff and class members not being authorized and permitted to take rest periods.

94. Furthermore, upon information and belief, during the relevant time period, Defendants maintained a company-wide on-premises rest period policy, which effectively required that Plaintiff and/or class members remain on the work premises during their rest periods. Because Plaintiff and/or class members were restricted from leaving the premises during rest periods, they were denied the ability to use their rest periods freely for their own purposes, such as running personal errands. Thus, Defendants effectively maintained control over Plaintiff and/or class members during rest periods.

95. As a result of Defendants' practices and policies, Plaintiff and class members worked shifts in excess of 3.5 hours, in excess of 6 hours, and/or in excess of 10 hours without receiving all uninterrupted 10-minute rest periods to which they were entitled. For example, Plaintiff had to forgo some of her rest periods due to the lack of coverage and heavy workload.

96. Defendants have also engaged in a systematic, company-wide practice and/or policy of not paying rest period premiums owed when rest periods are not authorized and permitted. Because of this practice and/or policy, Plaintiff and class members have not received premium pay for all missed rest periods.

97. Defendants' conduct violates the applicable IWC Wage Order and

California Labor Code sections 226.7, 516, and 1198. Plaintiff and class members are therefore entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant rest period was not authorized and permitted.

**FIFTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 201 and 202—Wages Not Timely Paid Upon Termination**

**(Against all Defendants)**

98. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

99. This cause of action is dependent upon, and wholly derivative of, the overtime wages, minimum wages, meal and rest period premiums, and/or reporting time pay that were not timely paid to Plaintiff and those class members no longer employed by Defendants upon their termination.

100. At all times relevant herein set forth, Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

101. Defendants willfully failed to pay Plaintiff and class members who are no longer employed by Defendants the earned and unpaid wages set forth above, including but not limited to, overtime wages, minimum wages, meal and rest period premiums, and/or reporting time pay, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

102. Defendants' failure to pay Plaintiff and class members who are no

longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, violates Labor Code sections 201 and 202. Plaintiff and class members are therefore entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

**SIXTH CAUSE OF ACTION**

**Violation of California Labor Code § 204—Failure to Timely Pay Wages During Employment**

**(Against all Defendants)**

103. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

104. This cause of action is dependent upon, and wholly derivative of, the overtime wages, minimum wages, meal and rest period premiums, and/or reporting time pay that were not timely paid to Plaintiff and class members during their employment.

105. At all times relevant herein set forth, Labor Code section 204 provides that all wages earned by any person in any employment between the first (1st) and the fifteenth (15th) days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the sixteenth (16th) and the twenty-sixth (26th) day of the month during which the labor was performed. Labor Code section 204 further provides that all wages earned by any person in any employment between the sixteenth (16th) and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the first (1st) and the tenth (10th) day of the following month.

106. At all times relevant herein, Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no

later than the payday for the next regular payroll period. Alternatively, at all times relevant herein, Labor Code section 204 provides that the requirements of this section are deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period.

107. During the relevant time period, Defendants willfully failed to pay Plaintiff and class members all wages due including, but not limited to, overtime wages, minimum wages, meal and rest period premiums, and/or reporting time pay, within the time periods specified by California Labor Code section 204.

108. Defendants' failure to pay Plaintiff and class members all wages due violates Labor Code section 204. Plaintiff and class members are therefore entitled to recover from Defendants the statutory penalty wages pursuant to California Labor Code section 210.

**SEVENTH CAUSE OF ACTION**

**Violation of Labor Code § 1198 and California Code of Regulations Title 8, Section 11070 Subdivision 5(A)—Failure to Provide Reporting Time Pay**

**(Against all Defendants)**

109. Plaintiff incorporates and re-alleges as if fully stated herein each and every allegation set forth above.

110. California Labor Code section 1198 dictates that no employer may employ an employee under conditions of labor that are prohibited by the applicable IWC Wage Order. California Labor Code section 1198 further requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

111. The applicable IWC Wage Order, California Code of Regulations, Title 8, section 11070(5)(A), provides that "[e]ach workday an employee is required to report to the work site and does report, but is not put to work or is

furnished less than half of his/her usual or scheduled day's work, the employer shall be pay him/her for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage." The "primary purpose of the reporting time regulation" is "to guarantee at least partial compensation for employees who report to work expecting to work a specified number of hours, and who are deprived of that amount because of inadequate scheduling or lack of proper notice by the employer." *Aleman v. AirTouch Cellular*, 209 Cal. App. 4th 556 (2012).

112. During the relevant time period, Defendants violated California Labor Code section 1198 and California Code of Regulations, Title 8, section 11070(5)(A), because Defendants failed to pay Plaintiff and class members reporting time pay when they reported to work for their usual or scheduled shift but were put to work for less than half of their usual or scheduled day's work.

113. As stated, Defendants had a company-wide "on-call" policy, whereby they scheduled Plaintiff and class members to work "on-call," or on standby. When scheduled for a "on-call" or standby shift, Plaintiff and class members regularly presented themselves as ready for work by waiting for the Defendants to call them regarding responding to work-related matters. When this occurred, Defendants did not pay Plaintiff and class members the minimum reporting time pay when they were on standby and were ultimately not called.

114. Accordingly, Plaintiff and class members were not properly compensated with reporting time pay in violation of California Labor Code section 1198 and California Code of Regulations, Title 8, section 11070(5)(A). Plaintiff and class members are therefore entitled to recover from Defendants unpaid wages and interest.

//

//

## EIGHTH CAUSE OF ACTION

## Violation of California Labor Code § 2802—Unpaid Business-Related Expenses

## (Against all Defendants)

115. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

116. At all times herein set forth, California Labor Code section 2802 provides that an employer must reimburse employees for all necessary expenditures and losses incurred by the employee in the performance of his or her job. The purpose of Labor Code section 2802 is to prevent employers from passing off their cost of doing business and operating expenses on to their employees. *Cochran v. Schwan's Home Service, Inc.*, 228 Cal. App. 4th 1137, 1144 (2014). The applicable wage order, IWC Wage Order No. 7-2001, provides that: "[w]hen tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

117. During the relevant time period, Defendants, on a company-wide basis, required that Plaintiff and class members use their own personal mobile devices, including, but not limited to, cellular phones and/or mobile data, to carry out their job duties but failed to reimburse them for the costs of their work-related mobile device expenses. For example, Plaintiff and class members received work-related phone calls and text messages from Defendants' management, coworkers, and customers. Although Defendants required Plaintiff and class members to utilize their personal mobile devices and/or mobile data to carry out their work-related responsibilities, Defendants failed to reimburse them

for this cost.

118. Additionally, during the relevant time period, Defendants, on a company-wide basis, required that Plaintiff and class members use their own personal vehicles to carry out company business, but failed to reimburse them for their costs of travel, including mileage. For example, Plaintiff was required to use her personal vehicle and drive to a nearby jobsite to meet with customers or drop off items and documents. As a further example, Plaintiff also drove to a nearby UPS store locations to mail returns. Although Defendants required Plaintiff and class members to utilize their personal vehicles to carry out their work-related responsibilities, Defendants failed to reimburse them for their mileage or travel expenses.

119. Defendants could have provided Plaintiff and class members with the actual equipment for use on the job, such as company mobile devices and company vehicles; or, Defendants could have reimbursed employees for the costs of their mobile device usage, mileage, and travel expenses. Instead, Defendants passed these operating costs onto Plaintiff and class members. At all relevant times, Plaintiff did not earn at least two (2) times the minimum wage.

120. Defendants' company-wide policy and/or practice of not reimbursing employees for expenses necessarily incurred and passing on their operating costs to Plaintiff and class members violates California Labor Code section 2802. Defendants have intentionally and willfully failed to reimburse Plaintiff and class members for necessary business-related expenses and costs.

121. Pursuant to California Labor Code section 2802, Plaintiff and class members are entitled to recover from Defendants their business-related expenses incurred during the course and scope of their employment, plus interest, costs, and attorneys' fees.

//

//

**EIGHTH CAUSE OF ACTION**

**For Civil Penalties Pursuant to California Labor Code §§ 2698, *et seq.***

**(Against all Defendants)**

122. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

123. California Labor Code §§ 2698, *et seq.* ("PAGA") permits Plaintiff to recover civil penalties for the violation(s) of the Labor Code sections enumerated in Labor Code section 2699.5. Section 2699.5 enumerates Labor Code sections 201, 202, 204, 226(a), 226.7, 1174(d), and 1198. Labor Code section 2699.3(c) permits aggrieved employees, including Plaintiff, to recover civil penalties for violations of those Labor Code sections not found in section 2699.5, including sections 226(a), 226.7, 246, 510, 512, 516, 1182.12, 1194, 1197, 1197.1, 2802, and 2810.5.

124. Defendants' conduct, as alleged herein, violates numerous sections of the California Labor Code, including, but not limited to, the following:

(a) Violation of Labor Code sections 510, 1194, and 1198, and the applicable IWC Wage Order for Defendants' failure to compensate Plaintiff and other aggrieved employees with all required overtime pay, as alleged herein;

(b) Violation of Labor Code sections 1182.12. 1194, 1197, 1197.1, and 1198, and the applicable IWC Wage Order for Defendants' failure to compensate Plaintiff and other aggrieved employees with at least minimum wages for all hours worked, as alleged herein;

(c) Violation of Labor Code sections 226.7, 512(a), 516, and 1198, and the applicable IWC Wage Order for Defendants' failure to provide Plaintiff and/or other aggrieved employees with meal periods, as alleged herein and as set forth below;

(d) Violation of Labor Code sections 226.7, 516, and 1198, and the applicable IWC Wage Order for Defendants' failure to authorize and permit Plaintiff and other aggrieved employees to take rest periods, as alleged herein;

(e) Violation of Labor Code sections 226(a), 1174(d), and 1198, and the applicable IWC Wage Order for failure to provide accurate and complete wage statements to Plaintiff and other aggrieved employees, as alleged herein;

(f) Violation of Labor Code sections 1174(d) and 1198, and the applicable IWC Wage Order for failure to maintain payroll records, as alleged herein;

(g) Violation of Labor Code sections 201 and 202 for failure to pay all earned wages upon termination, as alleged herein;

(h) Violation of Labor Code section 204 for failure to pay all earned wages during employment, as alleged herein; and

(i) Violation of Labor Code section 246 for failure to properly calculate the sick leave paid to Plaintiff and other aggrieved employees, as alleged herein;

(j) Violation of Labor Code section 1198 and California Code of Regulations Title 8, Section 110790 Subdivision 5(A) for the failure to provide reporting time pay; and

(k) Violation of Labor Code section 2802 for the failure to reimburse business expenses.

**TENTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200, *et seq.* –**

**Unlawful Business Practices**

**(Against all Defendants)**

125. Plaintiff incorporates by reference and re-alleges as if fully stated

herein each and every allegation set forth above.

126. Defendants are "persons" as defined by California Business & Professions Code section 17201, as they are corporations, firms, partnerships, joint stock companies, and/or associations.

127. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, class members, and to the general public. Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unlawful business practices. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

128. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq*.

129. A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on the violation of any state or federal law. In the instant case, Defendants' policies and practices have violated state law in at least the following respects:

(a) Requiring non-exempt, hourly paid employees, including Plaintiff and class members, to work overtime without paying them proper compensation in violation of California Labor Code sections 510 and 1198, and the applicable IWC Wage Order, as alleged herein;

(b) Failing to include all forms of remuneration in the regular rate of pay as required by law for purposes of paying overtime wages and/or meal and rest period premiums to Plaintiff and class members, in violation of California Labor Code sections 226.7, 510, and 1198, and the applicable IWC Wage Order, as alleged herein;

(c) Failing to pay at least minimum wage to Plaintiff and class members in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198, and the applicable IWC Wage Order, as alleged herein;

(d) Failing to provide all meal periods to Plaintiff and class members in violation of California Labor Code sections 226.7, 512(a), 516, and 1198, and the applicable IWC Wage Order, as alleged herein;

(e) Failing to authorize and permit Plaintiff and class members to take all rest periods in violation of California Labor Code sections 226.7, 516, and 1198, and the applicable IWC Wage Order, as alleged herein;

(f) Failing timely to pay all earned wages to Plaintiff and class members in violation of California Labor Code section 204, as alleged herein;

(g) Failing to properly calculate the sick leave paid to Plaintiff and class members in violation of California Labor Code section 246(l), as set forth below;

(h) Failing to pay reporting time pay in violation of California Labor Code section 1198 and the applicable IWC Wage Order, as alleged herein; and

(i) Failing to reimburse Plaintiff and class members for all business expenses necessarily incurred in violation of California Labor Code section 2802, as alleged herein.

130. At all relevant times herein, California Labor Code sections 245.5, 246, 246.5, 247, 247.5, 248.5, and 249 provide employees who have worked in California for 30 or more days from the commencement of employment with paid sick days, to be accrued at least one hour for every 30 hours worked.

California Labor Code section 246(l) provides that an employer shall calculate paid sick leave by using one of two calculations: 1) "[p]aid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek[;]" or 2) "[p]aid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment."

131. During the relevant time period, Defendants did not pay Plaintiff and class members the correct sick leave rates of pay. Defendants failed to correctly use either method of calculation under Labor Code section 246(l) to determine Plaintiff's and class members' sick leave rates of pay. In addition to an hourly wage, Defendants paid Plaintiff and class members incentive pay, nondiscretionary bonuses, and/or other forms of remuneration. However, in violation of the California Labor Code, Defendants failed to incorporate all remunerations, including incentive pay and/or nondiscretionary bonuses, into the calculation of the regular rate of pay for purposes of calculating the sick leave pay rate. Therefore, during times when Plaintiff and class members took sick leave and received these other forms of pay, Defendants failed to pay all sick leave benefits by paying a lower sick leave pay rate than required. Specifically, Defendants paid Plaintiff and class members sick leave based on their hourly rate of pay instead of their regular rate of pay.

132. Defendants' failure to properly calculate the sick leave rates of pay based on all remuneration paid has resulted in an underpayment of sick leave benefits to Plaintiff and class members on a company-wide basis in violation of California Labor Code section 246(l).

133. As a result of the violations of California law herein described, Defendants unlawfully gained an unfair advantage over other businesses.

Plaintiff and class members have suffered pecuniary loss by Defendants' unlawful business acts and practices alleged herein.

134. Pursuant to California Business & Professions Code sections 17200, *et seq*., Plaintiff and class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of the initial complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and class members; and an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## ELEVENTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17200, *et seq*. – Unfair Business Practices

### (Against all Defendants)

135. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

136. Defendants are "persons" as defined by California Business & Professions Code section 17201, as they are corporations, firms, partnerships, joint stock companies, and/or associations.

137. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, and harmful to Plaintiff, class members, and to the general public. Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unfair business practices. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

138. Defendants' activities, namely Defendants' company-wide practice and/or policy of not paying Plaintiff and class members all meal and rest period premiums due to them under Labor Code section 226.7, deprived Plaintiff and class members of the compensation guarantee and enhanced enforcement implemented by section 226.7. The statutory remedy provided by section 226.7

is a "'dual-purpose' remedy intended primarily to compensate employees, and secondarily to shape employer conduct." *Safeway, Inc. v. Superior Court*, 238 Cal. App. 4th 1138, 1149 (2015). The statutory benefits of section 226.7 were guaranteed to Plaintiff and class members as part of their employment with Defendants, and thus Defendants' practice and/or policy of denying these statutory benefits constitutes an unfair business practice in violation of California Business & Professions Code sections 17200, *et seq.* (*Id.*)

139. A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on any unfair business practice. In the instant case, Defendants' policies and practices have violated the spirit of California's meal and rest period laws and constitute acts against the public policy behind these laws.

140. Pursuant to California Business & Professions Code sections 17200, *et seq.*, Plaintiff and class members are entitled to restitution for the class-wide loss of the statutory benefits implemented by section 226.7 withheld and retained by Defendants during a period that commences four years prior to the filing of the initial complaint; a permanent injunction requiring Defendants to pay all statutory benefits implemented by section 226.7 due to Plaintiff and class members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

Plaintiff, on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

1. For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in excess of thirty-five thousand dollars ($35,000), exclusive of interest and costs. Plaintiff reserves the right to amend her prayer for relief to

seek a different amount.

**Class Certification**

2. That this case be certified as a class action;

3. That Plaintiff be appointed as the representative of the Class;

4. That counsel for Plaintiff be appointed as class counsel.

**As to the First Cause of Action**

5. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198, and the applicable IWC Wage Order by willfully failing to pay all overtime wages due to Plaintiff and class members;

6. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due, or as otherwise provided by law;

8. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

9. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Second Cause of Action**

10. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198, and the applicable IWC Wage Order by willfully failing to pay minimum wages to Plaintiff and class members;

11. For general unpaid wages and such general and special damages as may be appropriate;

12. For pre-judgment interest on any unpaid compensation from the date such amounts were due, or as otherwise provided by law;

13. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a);

14. For liquidated damages pursuant to California Labor Code section 1194.2; and

15. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Third Cause of Action**

16. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7, 512(a), 516, and 1198, and the applicable IWC Wage Order by willfully failing to provide all meal periods to Plaintiff and class members;

17. That the Court make an award to the Plaintiff and class members of one (1) hour of pay at each employee's regular rate of pay for each workday that a meal period was not provided;

18. For all actual, consequential, and incidental losses and damages, according to proof;

19. For premiums pursuant to California Labor Code section 226.7(c);

20. For pre-judgment interest on any unpaid meal period premiums from the date such amounts were due, or as otherwise provided by law;

21. For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

22. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Fourth Cause of Action**

23. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7, 516, and 1198, and the applicable IWC Wage Order by willfully failing to authorize and permit Plaintiff and class members to take all rest periods;

24. That the Court make an award to the Plaintiff and class members of one (l) hour of pay at each employee's regular rate of pay for each workday that a rest period was not authorized and permitted;

25. For all actual, consequential, and incidental losses and damages, according to proof;

26. For premiums pursuant to California Labor Code section 226.7(c);

27. For pre-judgment interest on any unpaid rest period premiums from the date such amounts were due, or as otherwise provided by law;

28. For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

29. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Fifth Cause of Action**

30. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201 and 202 by willfully failing to pay overtime wages, minimum wages, and/or meal and rest period premiums owed at the time of termination of the employment of Plaintiff and other terminated class members;

31. For all actual, consequential and incidental losses and damages, according to proof;

32. For waiting time penalties according to proof pursuant to California Labor Code section 203 for all employees who have left Defendants' employ;

33. For pre-judgment interest on any unpaid wages from the date such amounts were due, or as otherwise provided by law;

34. For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

35. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Sixth Cause of Action**

36. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to timely pay Plaintiff and class members overtime wages, minimum wages, and/or meal and rest period premiums during their employment;

37. For all actual, consequential and incidental losses and damages, according to proof;

38. For statutory penalties according to proof pursuant to California Labor Code section 210;

39. For pre-judgment interest on any unpaid wages from the date such amounts were due, or as otherwise provided by law;

40. For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

41. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Seventh Cause of Action**

42. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 1198 and California Code of Regulations, Title 8, section 11070(5)(A) by failing to provide Plaintiff and class members with reporting time pay;

43. For all actual, consequential and incidental losses and damages, according to proof;

44. For pre-judgment interest on any unpaid wages from the date such amounts were due, or as otherwise provided by law; and

45. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Eighth Cause of Action**

46. That the Court declare, adjudge and decree that Defendants violated

California Labor Code section 2802 by willfully failing to reimburse and/or indemnify all business-related expenses and costs incurred by Plaintiff and class members;

47. For unpaid business-related expenses and such general and special damages as may be appropriate;

48. For pre-judgment interest on any unpaid business-related expenses from the date such amounts were due pursuant to California Labor Code section 2802(b), or as otherwise provided by law;

49. For all actual, consequential, and incidental losses and damages, according to proof;

50. For attorneys' fees and costs pursuant to California Labor Code section 2802(c), or as otherwise provided by law; and

51. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Ninth Cause of Action**

52. That the Court declare, adjudge and decree that Defendants violated the following California Labor Code provisions as to Plaintiff and/or other aggrieved employees: 201, 202, 204, 226(a), 226.7, 246, 510, 512(a), 516, 1174(d), 1182.12, 1194, 1197, 1197.1, 1198, 2802, and 2810.5;

53. For civil penalties pursuant to the California Labor Code sections 210, 226.3, 248.5, 256, 558, 1174.5, 2699(a), (f), and (g), for violations of California Labor Code sections 201, 202, 204, 226(a), 226.7, 246, 510, 512(a), 516, 1174(d), 1182.12, 1194, 1197, 1197.1, 1198, 2802, and 2810.5;

54. For attorneys' fees and costs pursuant to California Labor Code section 2699(g)(1), 1021.5, and any and all other relevant statutes, for Defendants' violations of California Labor Code sections 201, 202, 204, 226(a), 226.7, 246, 510, 512(a), 516, 1174(d), 1182.12, 1194, 1197, 1197.1, 1198, 2802, and 2810.5;

55. For pre-judgment and post-judgment interest as provided by law; and

56. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Tenth Cause of Action**

57. That the Court declare, adjudge and decree that Defendants' conduct of failing to provide Plaintiff and class members all overtime wages due to them, failing to include all forms of remuneration in the regular rate of pay for purposes of paying overtime wages and/or meal and rest period premiums to Plaintiff and class members, failing to provide Plaintiff and class members all minimum wages due to them, failing to provide Plaintiff and class members all meal periods, failing to authorize and permit Plaintiff and class members to take all rest periods, failing to timely pay Plaintiff and class members all earned wages during employment, failing to properly calculate Plaintiff's and class members' sick leave rates of pay, failing to pay Plaintiff and class members reporting time pay, and failing to reimburse Plaintiff and class members for business-related expenses, constitutes an unlawful business practice in violation of California Business and Professions Code sections 17200, *et seq.*;

58. For restitution of unpaid wages to Plaintiff and all class members and prejudgment interest from the day such amounts were due and payable;

59. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200, *et seq.*;

60. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

61. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Eleventh Cause of Action**

62. That the Court declare, adjudge and decree that Defendants' conduct of denying Plaintiff and class members the statutory benefits guaranteed under section 226.7 constitutes an unfair business practice in violation of California Business and Professions Code sections 17200, *et seq.*;

63. For restitution of the statutory benefits under section 226.7 unfairly withheld from Plaintiff and class members and prejudgment interest from the day such amounts were due and payable;

64. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200, *et seq.*;

65. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

66. For pre-judgment and post-judgment interest as provided by law; and

67. For such other and further relief as the Court may deem equitable and appropriate.

Dated: September 3, 2026

Respectfully submitted,

Capstone Law APC

By: ______________________

Robert Drexler
Jonathon Lee
Robert Myong
Ana Lupascu

Attorneys for Plaintiff Irys Watson